TEITELBAUM & BASKIN, LLC
1 Barker Avenue, 3rd Floor
White Plains, New York 10601
Tel: (914) 437-7670
Fax: (914) 437-7672
Email: jteitelbaum@tblawllp.com
Attorneys for Defendants NCP Direct
Sourcing, Inc. and Thomas Paglia

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

HANGZHOU KAILAI NECKWEAR  :  Case No. 15-CV-1441 (AN)
APPAREL CO. LTD.,  :
   :
    Plaintiff,  :
   :
-against-  :
   :
NCP DIRECT SOURCING, INC., NCP DIRECT  :
SOURCING, INC., THOMAS PAGLIA, AND  :
JOHN DOE 1-10, AND XYZ COMPANY 1-10,  :
   :
    Defendants  :
_____X

**AFFIDAVIT OF JAY TEITELBAUM IN SUPPORT OF MOTION OF TEITELBAUM & BASKIN, LLC TO WITHDRAW AS COUNSEL FOR DEFENDANTS NCP DIRECT SOURCING, INC., NCP DIRECT SOURCING INC. AND THOMAS PAGLIA**

STATE OF NEW YORK:
COUNTY OF WESTCHESTER: ss.s:

JAY TEITELBAUM, being duly sworn, deposes and says:

1. I am the managing member of Teitelbaum & Baskin, LLC (T&B"), a commercial law firm based in White Plains, New York, comprised of three attorneys, Jay Teitelbaum, Partner, David Brooks, Associate and Emily Westbrook, Associate.

1

2. I have been a practicing attorney for nearly 30 years. Fortunately, I have never had to make an application to be relieved as counsel. Unfortunately, I must do so in this case.

3. I submit this affidavit in support of the motion by T&B, pursuant to Local Civil Rule 1.4, for an order granting permission for T&B to withdraw as counsel for defendants NCP Direct Sourcing, Inc. ("**NCP**") and Thomas Paglia ("**Paglia**," and together with NCP, the "**Defendants**").

4. The reasons for this request include the Defendants (i) failure to pay its legal bills and maintain a required retainer with T&B as required by the retention agreement between T&B and Defendants; and (ii) Defendants advice to T&B that Defendants cannot afford to pay any future legal fees associated with the defense/prosecution of this action.

5. The morning of December 10, 2015, I called Ms. Faddis, counsel for the Plaintiff. I advised counsel that Defendants were unable to continue the defense of the case, including that Defendants could not proceed with the depositions of Mr. Wang, a principal of the Plaintiff, scheduled for December 15, 2015, or Mr. Paglia, scheduled for December 16, or an employee of Defendant scheduled for December 18. I further advised that unless the parties were able to reach a prompt settlement, T&B would be seeking an order to withdraw as counsel. I made a settlement proposal to counsel.

6. Unfortunately, even prior to responding to the settlement proposal, counsel for Plaintiff confirmed via email, that Plaintiffs insisted on proceeding with depositions and threatened discovery motion practice, including motions for sanctions. Later in the day, counsel for Plaintiff rejected Defendants' settlement proposal and settlement discussions were terminated.

7. On December 11, 2015 T&B filed caused an Order to Show Cause to be delivered to the Court for the relief sought in this motion (the "OSC"). On December 14, 2015, the Court denied,

2

without prejudice, the OSC (the "December 14 Order" ECF Docket No. 36) and ordered, (i) T&B to file the OSC with supporting pleadings on the Court's ECF system, (ii) proceed with the previously scheduled settlement sessions before Magistrate Judge Freeman, and (iii) in the event that T&B should refile an application pursuant to Local Rule 1.4., to file serve such application upon all parties.

8. Pursuant to the December 14 Order, (i) on December 14, 2015, T&B filed the OSC with supporting pleadings on the Court's ECF system as ECF Docket No. 37, 37-1, 37-2, 37-3 and 37-4; (ii) on December 17, 2015, met with the Defendants for several hours to discuss the case and settlement alternatives; (iii) on December 17, 2015 participated in a telephonic settlement session with Magistrate Judge Freeman and counsel for Plaintiff; (iv) on December 17 and 18 drafted a confidential settlement memorandum to Magistrate Judge Freeman in connection with a scheduled December 22, 2015, (v) compiled financial data for production to plaintiff in connection with ongoing settlement discussions, and (vi) participated in an in person settlement session with Magistrate Judge Freeman, counsel for Plaintiff and clients.

9. Between December 14, 2015 and December 22, 2015 Jay Teitelbaum personally spent in excess of 12.5 hours on efforts to settle the case.

10. Unfortunately, no settlement was reached on December 22, 2015.

11. Within hours of the conclusion of the December 22, 2015 settlement session, Plaintiffs filed a motion to amend the complaint in this case to add Mr. Paglia's wife as a defendant on a piercing the corporate veil claim.

12. Over the Christmas and New Year holidays, the undersigned had numerous communications with Defendants to explore settlement alternatives and whether Defendants can

3

pay the legal fees and expenses incurred and to be incurred in connection with the defense of this matter.

13. Unfortunately, based upon Plaintiff's last settlement demand, Defendants are unable to afford to fund a settlement and Defendants have confirmed that they cannot pay T&B's past due or anticipated legal fees and expenses.

14. Accordingly, T&B is re-filing its application for permission to withdraw as counsel.

15. But for the December 14 Order, this application would be file by order to show cause rather than motion in order to minimize any further delay and mounting legal fees.

16. Pursuant to a retainer agreement dated November 18, 2014, Defendants retained T&B as its counsel in connection with the defense of the above referenced action commenced against Defendants.

17. Pursuant to the retainer agreement, Defendants agreed to deposit with T&B an evergreen retainer of $10,000.00 and to pay T&B's fees and expenses on a monthly basis. T&B agreed to bill Defendants on an hourly basis, at the following rates Jay Teitelbaum $350/hour, Associates $210-$285/hour and paralegals $115-135/hour.

18. After the first month of billing Defendants were unable to replenish the retainer, but assured T&B that its fees and expenses would be paid.

19. T&B continued to represent Defendants focusing as much as possible on settlement in order to keep fees to a minimum. In fact, T&B requested that the case be assigned to a magistrate judge for settlement purposes.

20. Unfortunately, Plaintiffs are more interested in litigation than settlement and the fees and expenses in the case continued to accrue.

21. Defendants have been and continue to be unable to meet their obligations to pay T&B currently or to maintain an evergreen retainer, however, Defendants periodically made small partial payments and assured T&B that it would be paid.

22. As discovery in the case ramped up, legal fees and expenses ballooned. Prior to December 10, 2015 Defendants were in arrears for more than $60,000.00 to T&B.

23. In December 2015, Defendants made a payment to reduce the arrears, but as Defendants recognized that the costs of the litigation were going to balloon, on or about December 8, 2015 Defendants confirmed that they were unable to continue to fund the litigation to pay past due or anticipated future legal fees which are expected to exceed $250,000.00.

24. Defendants have reconfirmed that they are unable to fund the past or contemplated future legal fees and expenses.

25. Including recent fees and expenses incurred to try to settle this matter, T&B's unpaid legal fees, for the period September 2015 through December 31, 2015 are $55,171.72.

26. T&B has attempted to explore options for Defendants to fund the litigation, but by December 9, 2015 Defendants confirmed that they do not have the resources to continue, including for the fees and expenses estimated to exceed $35-50,000 for depositions of three witnesses.

27. These discussions did not include opposing Plaintiff's motion to amend the complaint to add Mr. Paglia's wife or to defend such claims.

28. To date, T&B has not met with Ms. Paglia and has not been retained to represent Ms. Paglia.

29. Following the conclusion of the December 22, 2015 settlement session with Magistrate Judge Freeman, Mr. Paglia re-confirmed that neither NCP nor he can afford to pay T&B's past,

5

or future legal fees in connection with this case and that he understands that Plaintiff will likely seek entry of a judgment in this matter.

30. T&B has fulfilled its obligations to the Defendants and has undertaken additional efforts to settle this case at significant additional expense. T&B cannot afford the financial burden of the continued defense of this case without compensation and itself would face financial distress if compelled to continue this representation uncompensated.

31. T&B will not seek a retaining lien in connection with unpaid fees.

**WHEREFORE**, T&B respectfully requests entry of an order granting T&B's motion to withdraw as counsel and respectfully requests a 30 day stay of the proceedings to allow Defendants to determine whether new counsel can be retained or such other course of action as may be appropriate.

Sworn to this 8 day of January 2016

Jay Teitelbaum
TEITELBAUM & BASKIN, LLC

*Attorneys for NCP Direct Sourcing, Inc. and Thomas Paglia*

Jay Teitelbaum, Esq.
1 Barker Avenue
White Plains, New York 10601
(914) 437-7670
jteitelbaum@tblawllp.com

Daniel Thomas Sorrentino
Notary Public State of New York
No. 01SO6249625
Qualified in Westchester County
Commission Expires October 11, 2019

6